# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey D. B., | Case No. 20-cv-761 (ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi,<br>*Acting Commissioner of Social Security*, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act ("Petition") (Dkt. 40). Plaintiff Jeffrey D. B. seeks attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $1,752.34. (*Id.* at 3.) The Commissioner has filed a response noting no objections to the amount of fees requested by Plaintiff. (Dkt. 43.)[1] For the reasons discussed below, Plaintiff's Petition is granted and fees awarded in the amount of $1,752.34.

## BACKGROUND

On March 20, 2020, Plaintiff filed this case seeking judicial review of a final decision by Defendant denying his application for disability insurance benefits. (Dkt. 1.) Because the administrative records included paper file records that were to be produced by the Social Security Administration Office of Appellate Operations in Falls Church, Virginia ("SSA Virginia Office"), and due to the impact of COVID-19 requiring remote work of SSA Virginia Office's employees and the resulting backlog of pending cases, on

---

[1] Unless otherwise noted, all page numbers refer to the CM/ECF pagination.

June 4, 2020, Defendant sought an extension of time to file an answer and the certified administrative record in this case, which the Court granted. (Dkts. 11, 13.) Defendant then filed a Motion for Stay of Proceedings on July 2, 2020, "until such time as the Agency regains the capacity to produce the certified transcript of the record necessary to answer and adjudicate this case" in light of the continuous impact of COVID-19 on SSA Virginia Office.[2] (Dkts. 14, 15.) The Court granted that motion, stayed the case, and ordered Defendant to file a status update within ninety days from the date of the Order as to its ability to produce the certified transcript of the record. (Dkt. 17.) On October 1, 2020, Defendant filed a status report, along with a declaration from the Executive Director of the SSA Virginia Office, noting that Defendant still faced challenges in producing the administrative transcripts and requested an additional thirty-day extension. (Dkts. 18-19.) The Court granted that request and ordered Defendant to file a status

---

[2]   Defendant explained that:

> In light of the global COVID-19 pandemic, SSA has taken the unprecedented step of suspending in-office services to the public." The SSA Virginia Office "is responsible for physically producing the administrative record that is required to adjudicate the case under Sections 205(g) and (h) of the Social Security Act" and beginning March 16, 2020, SSA Virginia Office staff members began to telework to protect employee health and prevent further spread of COVID-19. For cases that involve paper files like this one, the SSA Virginia Office generally requests the files which are housed in different locations from other Social Security Administration components, which are then shopped to the official duty station and "[t]he entire process of preparing a certified record involving a paper formatted case must be performed at the [official duty station]. Because [SSA Virginia Office] staff members are teleworking, this process cannot be completed."

(Dkt. 14 at 2-3.)

update as to its ability to produce the necessary administrative transcript by January 22, 2021.  (Dkt. 23.)

On January 22, 2021, Defendant filed another status update and declaration from the Executive Director of the SSA Virginia Office, requesting an additional thirty-day extension to produce the administrative transcripts in this case.  (Dkts. 24, 25.)  Plaintiff filed a response, requesting that further inquiry be made due to Defendant's failure to explain "why preparation of the Answer and Transcript in this case will continue to be delayed."  (Dkt. 26.)  Accordingly, the Court held a status conference on February 9, 2021, during which it granted Defendant's request for a thirty-day extension of the stay, continued the stay until March 5, 2021, and ordered that any further request for a continuance be accompanied by a date certain for production of the administrative record.  (Dkt. 29.)

On February 25, 2021, Defendant filed an Unopposed Request to Lift Stay to file a joint stipulation for remand to the Commissioner of Social Security for further administrative proceedings, noting that the Commissioner had been unable to prepare the certified administrative record in the case, however, "based on certain electronic documents in Plaintiff's claims folder, the administrative law judge's decision, the Appeals Council notice, Plaintiff's arguments to the Appeals Council, Plaintiff's arguments addressed in his Complaint, and issues discussed between the parties, Defendant concedes that this case must be remanded to the Commissioner for further administrative proceedings."  (Dkt. 30 at 1-2.)  The Court granted that request and the stay was lifted on February 25, 2021.  (Dkt. 32.)

3

On February 25, 2021, Defendant filed a stipulation to remand pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 33.) Defendant represented that Plaintiff's counsel agreed that the case be remanded to the agency for further administrative proceedings. (Dkt. 30 at 2.) On March 1, 2021, this Court granted Defendant's request and remanded the case to the Commissioner for a supplemental hearing and further administrative action. (Dkt. 35.)

## ANALYSIS

**A.     Legal Standard**

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted). Congress has provided for limited exceptions to the general rule. *Id*. The EAJA is one of those exceptions. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

> [A] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness

representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). Any attorney's fees awarded under the EAJA must be reasonable. 28 U.S.C. § 2412(b).

Attorney's fees are not to be awarded under the EAJA merely because the Government lost the case. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted). However, Plaintiff is entitled to fees unless the Government's position was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The Government bears the burden of proving substantial justification for its position in the litigation. *Id.* Here, the Government is not claiming that its position was substantially justified and does not object to the award of Plaintiff's requested fee. (Dkt. 43.)

**B.   Reasonableness of Fees and Costs**

   **1.   Appropriate Hourly Rate**

Plaintiff, through his counsel's Petition, as well as the exhibits, requests attorney fees in the amount of $1,752.34, calculated at the rate of $199.13 per hour multiplied by 8.8 hours of work performed in 2020. (Dkt. 40 ¶¶ 5-6.) Plaintiff's counsel asserts that the billing rate of $199.13 is consistent with the Consumer Price Index ("CPI") for all urban consumers as of March 2020, when the case was initiated. (*Id.* at ¶ 5.)

5

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has concluded that this language means "that 'the district court may, upon proper proof, increase the . . . rate for attorney's fees to reflect the increase in the cost of living . . . .'" *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) (citations omitted)). The CPI constitutes "'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [that provided for by the EAJA]." *Id*. (citations omitted); *see also Kelly*, 862 F.2d at 1336 (citations omitted).

The cost of living adjustment is calculated by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place. *See Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004). As stated previously, the Government does not dispute the hourly rate sought by Plaintiff's counsel, and the Court finds $199.13 per hour for work performed in this case to be a reasonable rate based on the cost of living adjustment for the period of time the work was performed. *See Consumer Price Index Historical Tables for U.S. City Average*, U.S. Bureau of Labor Statistics, https://www.bls.gov/regions/mid-atlantic/data/consumerpriceindexhistorical_us_table.htm, (last visited February 10, 2022).

### 2. Reasonableness of the Time Expended by Plaintiff's Counsel

Plaintiff's counsel seeks fees for 8.8 hours of work performed in this case. (Dkt. 40 ¶ 6.) The Commissioner does not object to the fees sought. (Dkt. 43.) Having reviewed the entries listed in Plaintiff's Itemization of Time (Dkt. 41-1 at 1-3), the Court finds that the fees sought by Plaintiff are reasonable and compensable, and notes that Courts routinely grant motions requesting reimbursement for a similar number of hours. *See*, *e.g.*, *Rodgers v. Astrue*, No. 09-1214 (DWF/SER), 2011 WL 721528, at *4 (D. Minn. Feb. 3, 2011), *R.&R. adopted*, No. CIV. 09-1214 (DWF/SER), 2011 WL 721245 (D. Minn. Feb. 22, 2011) (approximately 21 hours); *Garrett v. Colvin*, No. 4:10CV1891 TIA, 2013 WL 3282867, at *1 (E.D. Mo. June 27, 2013) (approximately 8.5 hours).

### C. Conclusion

Based on the above, the Court will award $1,752.34 in attorney fees to the Plaintiff, accounting for 8.8 hours of work performed at $199.13 per hour. The Court finds this fee amount to be reasonable.

### ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. 40) is **GRANTED**, and Plaintiff is **AWARDED** $1,752.34 for reasonable attorney's fees under the EAJA.

2.	In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA award is payable to Plaintiff as the litigant and subject to offset to satisfy any pre-existing debts that the litigant may owe to the United States.

3.	Pursuant to the Plaintiff's assignment of attorney fees, Defendant shall send the EAJA payment, after any required offset, to Plaintiff's counsel, Osterhout Berger Disability Law, LLC.

DATED: February 14, 2022			*s/ Elizabeth Cowan Wright*
						ELIZABETH COWAN WRIGHT
						United States Magistrate Judge